Bernice N. Williams
vs.
United Electric Railways Company

No. 88176.

November 26, 1932.

JOSLIN, J. Heard upon motion of the defendant for a new trial after a verdict by a jury for the plaintiff in the sum of $1,016.34.

The plaintiff was a passenger in an electric car of the defendant which came into collision with an automobile operated by one Joseph M. Frechette. The collision occurred at the intersection of Hope and Angell streets in Providence near midnight on February 4, 1932. It had been snowing for several hours and there was a blanket of three or four inches of snow covering the ground. It was a wet, heavy, "sleety" snow which stuck to the glass of the windows of both the car and the automobile. The weather was admittedly very bad.

Hope street runs generally north and south and Angell street east and west. There is one car track on Angell street, which is a one way street, traffic moving east to west.

It was the plaintiff's contention that the automobile was proceeding south on Hope street; that it came to a full stop at the nearest car rail; that at that time the electric car was opposite a stone wall pointed out to the jury during the view, which appeared to the Court to be over 150 feet distant from the center of the intersection; that the electric car was then travelling at a rate of speed excessive in the situation and under the circumstances; that the electric car continued on and did not slacken its speed; and that as a consequence there was a collision between the front end of the electric car and the front left side of the automobile. The collision threw the plaintiff from her seat to the floor of the electric car and she suffered the injuries of which she complains.

The defendant denied the excessive speed and claimed that the electric car had crossed Hope street and reached the northwest corner of the intersection when the automobile ran into the side of the electric car nearest to the front end.

The case was submitted to the jury upon the principal issue of whether or not the collision resulted from the negligent operation of the electric car by the defendant's motorman.

Upon a careful review of the whole case, the Court is of the opinion that the jury were warranted in finding that the motorman was negligent in the operation of the electric car, and that this negligence was the proximate cause of the collision.

The plaintiff suffered a synovitis of the left wrist, a right sacroiliac dislocation and some minor injuries. The wrist injury cleared up in three weeks. She was in bed for six days and returned to part time work after five weeks. It is well known that the usual run of sacroiliac dislocations, particularly one that is not severe, as in this case, clears up in six to eight weeks, during which time daily medical attention is not necessary.

The plaintiff's physician testified that he made 42 house calls and saw her 35 times at his office, making a total of 77 treatments in all. There was no credible testimony which would warrant the physician making any such number of house calls or giving her any such number of treatments at his office. It is clear to the Court that many of these visits and treatments either were not made or given, or were entirely unnecessary. In either event, the defendant cannot be charged for them.

So much of said verdict as represents the unwarranted charge of the plaintiff's physician is excessive and should be deducted from the verdict. Except in respect to the size of the award, the verdict is proper and does substantial justice between the parties.

Defendant's motion for a new trial is granted on the ground that the damages are excessive, unless within five days the plaintiff remits so much of the verdict as is in excess of $900. In the event that such remittitur is filed, the motion for a new trial is denied.

For plaintiff: Fergus J. McOsker.

For defendant: Clifford Whipple, Frank J. McGee.